**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Felicia McGee,<br>Plaintiff,<br>v.<br>Growing Minds Preschool,<br>Defendant. | No. CV-26-07271-PHX-KML<br>**ORDER** |

The court dismissed plaintiff Felicia McGee's original complaint because it contained no factual allegations explaining the basis for her suit. (Doc. 6.) McGee filed an amended complaint that includes some additional information, but she still has not provided sufficient allegations to state a claim for relief.

The amended complaint alleges McGee "was employed by Growing Minds Preschool as a classroom teacher from approximately June 2023 to September 2025." (Doc. 7 at 1.) During that time, McGee "was the only African American employee at the workplace." (Doc. 7 at 1.) McGee alleges she "was subjected to close monitoring of [her] work and activities by the director," including that she was "timed when [she] went to the bathroom." (Doc. 7 at 1.) McGee alleges that "treatment was excessive and contributed to the scrutiny [she] experienced at work." (Doc. 7 at 1.)

Beyond scrutinizing her work, the director also accused McGee "of not participating in meetings." (Doc. 7 at 2.) McGee was placed on a performance improvement plan and eventually terminated. (Doc. 7 at 2-3.) McGee believes she was subjected to "unfair

scrutiny and different treatment in the workplace" because of her "race and/or color." (Doc. 7 at 2.)

It appears McGee may be attempting to pursue a Title VII discrimination claim. A plaintiff may establish a prima facie case of Title VII discrimination by showing (1) she belongs to a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Lui v. DeJoy*, 129 F.4th 770, 777–78 (9th Cir. 2025). The requirement of establishing a prima facie case is an "evidentiary standard" and not a "pleading requirement[]." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). Thus, a complaint cannot be dismissed merely because it does not contain facts establishing all the requirements of a prima facie case. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th Cir. 2019). But it is helpful to consider the elements of a prima facie case when assessing the plausibility of a complaint. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (holding a plaintiff is not required to "establish a prima facie case in her complaint" but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim").

The amended complaint establishes McGee belongs to a protected class, she was qualified for her position, and she suffered an adverse employment action when she was terminated. But the amended complaint does not allege any facts linking her treatment to her race or color. McGee does not allege other employees were subject to different levels of scrutiny, such as not being "timed when [they] went to the bathroom." (Doc. 7 at 1.) Nor does she provide any other allegations from which it is possible to infer she was discriminated against based on her race or color. Without such allegations, McGee only created "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is not enough.

The amended complaint is dismissed but McGee may file a second amended complaint. The second amended complaint will supersede all previous complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If McGee files a second amended

complaint, the court will treat the original and first amended complaints as nonexistent. *Id*. Thus, McGee must identify all causes of action and include all allegations in her second amended complaint that she believes support her claims for relief. If McGee is attempting to pursue a disparate treatment claim, she must include allegations indicating she was treated differently because of her race or color. One possibility, although not the only one, is for McGee to allege other employees that were not members of her protected class were treated differently.

Alternatively, if McGee is attempting to allege that she was retaliated against after engaging in protected activity, she should include allegations identifying the protected activity and why she believes a later adverse employment action was because of her protected activity. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008).

**IT IS ORDERED** the Amended Complaint (Doc. 7) is **DISMISSED**.

**IT IS FURTHER ORDERED** no later than **November 6, 2026**, plaintiff shall file an amended complaint consistent with this order. The Clerk of Court is directed to enter a judgment of dismissal with prejudice if no amended complaint is filed by that date.

Dated this 26th day of October, 2026.

Honorable Krissa M. Lanham
United States District Judge